# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **AFFILIATED FOODS MIDWEST COOPERATIVE, INC.**, a Nebraska corporation, and **ASSOCIATED WHOLESALE GROCERS, INC.**, )<br>)<br>)<br>)<br>) | 8:16CV465 |
| Plaintiffs, ) | ORDER |
| v. )<br>) | |
| **SUPERVALU INC.**, a Delaware corporation, )<br>)<br>) | |
| Defendant. ) | |

| | |
|---|---|
| **BOROWIAK IGA FOODLINER, INC.**, )<br>) | |
| Plaintiff/Counter Defendant, )<br>) | 8:16CV466 |
| v. )<br>) | |
| **AFFILIATED FOODS MIDWEST COOPERATIVE, INC.**, and **ASSOCIATED WHOLESALE GROCERS, INC.**, )<br>)<br>)<br>)<br>) | ORDER |
| Defendants/Third-Party Plaintiffs/Counter Plaintiffs, )<br>)<br>) | |
| v. )<br>) | |
| **TREVOR BOROWIAK**, )<br>) | |
| Third Party Defendant. ) | |

This matter comes before the court on the Motion to Consolidate (Filing No. 23 in Case No. 8:16CV466) filed by Borowiak IGA Foodliner, Inc. ("Borowiak IGA"), requesting

1

consolidation of the above-captioned cases. Affiliated Foods Midwest Cooperative, Inc. ("AFM") and Associated Wholesale Grocers ("AWG") oppose consolidation of the above cases for trial, but do not oppose consolidation for discovery purposes. (Filing No. 27 in Case No. 8:16CV466).

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Cisler v. Paul A. Willsie Co.*, Case No. 8:09CV365, 2010 WL 3237222, *2 (D. Neb. Aug. 13, 2010). The consent of the parties is not required for consolidation. *Id.* Whether to grant a motion to consolidate is within the sound discretion of the court. *Id.* When ruling on a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. *Id.* Lawsuits involving the same parties are "apt candidates for consolidation." *Id.* (quotation and citation omitted). However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Having reviewed the matter, the court finds that consolidation for purposes of discovery and pretrial management is appropriate at this time. There is no dispute that there are common facts, agreements, and witnesses in the above cases. The instant actions both involve certain agreements between AFM and Borowiak IGA, including a supply agreement. Borowiak IGA's action against AFM includes a claim that AFM breached the supply agreement. (Case No. 8:16CV466). In AFM's action against SuperValu, AFM alleges SuperValu tortiously interfered with the supply agreement between AFM and Borowiak IGA. (Case. No.

8:16CV465).  Due to the similarities between the cases, the same documents will be part of discovery in both cases and the parties will likely present similar motions and arguments during discovery.  Consolidation during the discovery phase will avoid duplicative parallel activities and will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense.  Because both cases are in the initial stages of progression, consolidation of discovery and pretrial management will conserve judicial resources, as well as the resources of the parties.  Accordingly,

**IT IS ORDERED**:

1. Borowiak IGA Foodliner, Inc.'s Motion to Consolidate (Filing No. 23 in Case No. 8:16CV466) is granted, in part.  To the extent that the motion to consolidate asks the cases be consolidated for trial, it is denied without prejudice to reassertion at a later date.

2. The two above-captioned cases are consolidated for purposes of discovery and pretrial management only.

3. Case No. 8:16CV466 will be designated as the "Lead Case" and Case No. 8:16CV465 will be designated as "Member Case."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases.  If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case.  The parties are instructed to file documents related to discovery (except those described in paragraph 5) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread

text feature.

7.  The parties shall have until **February 17, 2017**, to meet, confer, and jointly file a report pursuant to Fed. R. Civ. P. 26(f), encompassing both cases.

**DATED:   January 17, 2017**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**