IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AFFILIATED FOODS MIDWEST
COOPERATIVE, INC., a Nebraska
corporation; and  ASSOCIATED
WHOLESALE GROCERS, INC.,

Plaintiffs,

vs.

SUPERVALU INC., a Delaware
corporation,

Defendant,

Borowiak IGA Foodliner, Inc.,

Intervenor.

8:16CV465

MEMORANDUM AND ORDER

This matter is before the Court on the motion to intervene filed by Borowiak IGA Foodliner, Inc. ("Borowiak"). (Filing No. 10). Borowiak filed a brief in support of the motion.  (Filing No. 11)  Borowiak also filed a statement of interest in support of intervention (Filing No. 12). In response, plaintiff Affiliated Foods Midwest Cooperative, Inc. ("AFM") filed a brief in opposition to the motion to intervene. (Filing No. 27). The defendant, SuperValu Inc. ("SuperValu") has not filed a response to the motion. The plaintiff filed this action alleging that SuperValu tortiously interfered with the supply agreement between Borowiak and the plaintiff. The defendant, SuperValu, disagrees and argues that AFM cannot sustain a claim for tortious interference. SuperValu additionally asserts that competition for Borowiak's business is a matter of public interest since society is benefitted by lawful competition. Plaintiff also filed a motion for a temporary restraining order ("TRO") against SuperValu.

**BACKGROUND**

At all material times herein the plaintiff, AFM, is a grocery store chain which entered into a supply agreement with Borowiak. The defendant, SuperValu, is a

Minnesota-based wholesaler which served as Borowiak's primary grocery supplier until Borowiak decided to switch to AFM. The intervenor, Borowiak, entered in to a supply agreement with AFM, which made AFM the primary grocery supplier to Borowiak.

On October 11, 2016, AFM filed a complaint against SuperValu in the District Court of Madison County, Nebraska. The complaint alleged SuperValu tortiously interfered with certain agreements between AFM and Borowiak by supplying fresh meat and other groceries. See Filing No. 1 at 1.  Borowiak alleged that there has been a "failure or refusal" by AFM "to provide fresh meat and timely deliver produce" and AFM has been "unable or failed to consistently serve Borowiak's needs for other foodstuffs and items sold by retail grocers such as the $1.00 product offering and cross-dock products." See Filing No. 11 at 3. As a result Borowiak purchased all fresh meat for its seven stores from SuperValu. *Id.* In addition, Borowiak also learned AFM was selling substantially all of its assets to Associated Wholesale Grocers, Inc. ("AWG") and Borowiak would, thereafter, be required to become an AWG member to receive the grocery items previously provided by AFM. *Id.* at 2. Borowiak would be "required to accept terms and conditions different than those in the Agreement relating to the valuable patronage rebate Borowiak was then receiving from AFM". *See* Filing No. 12-2 at 3.

 Borowiak, a retail grocery chain, depends on businesses such as AFM and SuperValu to keep inventory. *See* Filing No. 11 at 2. Keeping a stocked store is essential to the livelihood of Borowiak's business. *Id.* Borowiak asserts that "the TRO impacts business and its customers in rural towns far more than it does AFM or SuperValu." *Id.* Having divergent interests, Borowiak claims its interests in this action

are not properly represented. *Id.* Therefore, Borowiak requested the Court grant its intervention request, either as a matter of right or with the Court's permission. *Id.*

**LAW**

As a threshold matter for the plaintiff, "Article III standing is a prerequisite for intervention in a federal lawsuit." *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8thCir.1999) (quoting *Standard Heating & Air Conditioning Co. v. City of Minneapolis*,137 F.3d 567, 570 (8th Cir. 1998)). "Constitutional standing requires a showing of: (1) an injury in fact, which is an invasion of legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability." *Curry*, 167 F.3d at 422; *see also Mausolf v. Babbitt*, 85 F.3d 1295, 1301-02 (8th Cir. 1996) (finding the movant "alleged concrete, imminent, and redressable injuries in fact" where it showed it would be injured if restrictions challenged in the action were removed). On timely motion, the court must permit anyone to intervene who, under Rule 24(a), any timely applicant shall be permitted to intervene:

> (1) when a statute of the United States confers an unconstitutional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Rule 24 "governs both intervention as of right and permissive intervention . . ." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1157 (8th Cir. 1995); *See* Fed. R. Civ. P. 24(a). Rule 24(b) allows for permissive intervention when:

> the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b). The court notes "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *Tweedle v. State Farm Fire & Cas.*

*Co.*, 527 F.3d 664, 671 (8th Cir. 2008) (quoting *South Dakota v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)).

### 1. Timeliness

"Whether a motion to intervene is timely is determined by considering all of the circumstances of the case." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158-59 (8th Cir. 1995). Three important factors for the court to consider in determining timeliness include: "(1) the reason for any delay by the proposed intervenor in seeking intervention; (2) how far the litigation has progressed before the motion to intervene is filed, and (3) how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *Id.* at 1159. Prejudice is determined by evaluating whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change. *Id.*

### 2. Recognized Interest

Next, an applicant for intervention must show "a recognized interest in the subject matter of the litigation." *South Dakota v. U.S. Dept. of Interior*, 317 F.3d at 785; *Union Elec. Co.*, 64 F.3d 1152 at 1161. Such interest must be "'direct,' as opposed to tangential or collateral. Furthermore, that interest must be 'recognized,' i.e., both 'substantial' and 'legally protectable.'" *Union Elec. Co.,* 64 F.3d 1152 at 1161.

### 3. Interest Impaired by Disposition

The third showing an applicant for intervention must make is that the disposition of the case might impair its interest. *South Dakota v. U.S. Dept. of Interior*, 317 F.3d at 785; *Union Elec. Co.*, 64 F.3d at 1161. The United States Court of Appeals for the Eighth Circuit emphasizes that Rule 24(a) "does not require, after all, that [applicants for

- 4 -

intervention] demonstrate to a certainty that their interests will be impaired in the ongoing action. It requires only that they show that the disposition of the action 'may as a practical matter' impair their interests." *Union Elec. Co.*, 64 F.3d at 1162 (quoting *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist.*, 738 F.2d 82, 84 (8th Cir. 1984)). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Union Elec. Co.*, 64 F.3d at 1162 (citations and internal quotation marks omitted).

### 4. Existing Parties

Finally, the movant must show its "interest will not be adequately protected by the existing parties." *South Dakota v. U.S. Dept. of Interior*, 317 F.3d at 785; *Union Elec. Co.*, 64 F.3d at 1168. The Court must determine whether representation is adequate "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992). "A party generally need only make a minimal showing that representation may be inadequate to be entitled to intervene on that basis, but the burden is greater if the named party is a government entity that represents interests common to the public." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d at 774, 780 (8th Cir. 2004) (internal citations and quotations omitted). To show inadequate representation, a movant "may show that its interests are distinct and cannot be subsumed within the public interest represented by the government entity." *Id.*

### DISCUSSION

In this case, the movant filed its motion to intervene within a few days of AFM's ex parte motion for a TRO. No other parties assert the motion was untimely. The Court has reviewed the record and finds that the motion is timely. Further, the Court finds

Borowiak would be directly and immediately affected by the TRO, as SuperValu was supplying items germane to a grocery store's inventory when AFM allegedly was not. If this supply were to cease, the effects could be immediately impactful to Borowiak's protectable interests. Therefore, the Court finds Borowiak has a direct, substantial, and legally protectable interest in the subject matter of the litigation.

Borowiak's business success is dependent upon companies such as AFM and SuperValu in order to satisfy a customer's needs. Sitting at the end of the supply chain from production to consumer, a grocery retailer must rely on its inventory from grocery suppliers in pursuit of serving its customers. Any inadequacy in this process would result in a harmful effect at the retail level. Therefore, minimal supplying of fresh produce and meat could substantially degrade the reputation and reliability of Borowiak's business to the rural communities it serves. The Court finds resolution of the subject matter of this case may, as a practical matter, impair Borowiak's interests.

Borowiak, a grocery retailer rather than supplier like AFM and SuperValu, has a disparate or different interest compared to those represented in this matter. Borowiak is concerned with its offerings of groceries rather than its production of grocery goods to retailers. AFM and SuperValu are not primarily cognizant of consumer satisfaction but rather their transactions with Borowiak. Furthermore, concern with the reputation of a certain business in the community is not under the purview of a supplier unless that grocer goes out of business. Under a low threshold of "a minimal showing that representation may be inadequate", the Court finds the movant does identify interests distinct from those represented by AFM and SuperValu. *Little Rock Sch. Dist.*, 378 F.3d at 780. Accordingly, the movant may intervene as a matter of right because the movant has Article III standing to participate in this litigation, and has satisfied Rule 24(a).

**THEREFORE, IT IS ORDERED** that the motion to intervene filed by Borowiak, Filing No. 10, is granted.

Dated this 3rd day of February, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District  Judge