## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., a Nebraska corporation, and ASSOCIATED WHOLESALE GROCERS, INC., <br><br>    Plaintiffs, <br><br>    v. <br><br>SUPERVALU INC., a Delaware corporation, <br><br>    Defendant. | 8:16CV465 <br> Member Case <br><br> ORDER |
| BOROWIAK IGA FOODLINER, INC., <br><br>    Plaintiff/Counter Defendant, <br><br>    v. <br><br>AFFILIATED FOODS MIDWEST COOPERATIVE, INC., and ASSOCIATED WHOLESALE GROCERS, INC., <br><br>    Defendants/Third-Party Plaintiffs/Counter Plaintiffs, <br><br>    v. <br><br>TREVOR BOROWIAK, <br><br>    Third Party Defendant. | 8:16CV466 <br> Lead Case <br><br> ORDER |

This matter comes before the Court on the Motion to Amend Pleadings in the Member Case (Filing No. 45) filed by the plaintiffs, Affiliated Foods Midwest Cooperative, Inc. ("AFM") and Associated Wholesale Grocers ("AWG"). The Court will grant the motion.

This action concerns AFM/AWG's allegations that the defendant, SUPERVALU INC. ("Supervalu"), tortiously interfered with a supply agreement between AFM and Borowiak IGA Foodliner, Inc. ("Borowiak IGA"). AFM's initial Complaint contains two "Counts" against Supervalu: (1) tortious interference with contract, alleging Supervalu attempted to induce Borowiak IGA to breach the supply agreement, and (2) tortious interference with business relations, alleging Supervalu attempted to induce Borowiak IGA to discontinue its relationship with AFM. (Filing No. 1). The initial Complaint prayed for injunctive relief and an award of actual damages. (Filing No. 1 at pp. 12-13).

AFM/AWG requests leave to file an Amended Complaint that contains the same two "Counts" as the initial Complaint, but adds to its prayer for relief a request for costs and reasonable attorneys' fees, and removes its prayer for injunctive relief. (Filing No. 46-2 at p. 13). The Amended Complaint sets forth an additional "Count III" for "Injunctive Relief," alleging that Supervalu "intentionally and unjustifiably interfere[d]" with the contract and business relationship between Borowiak IGA and AFM/AWG. Count III requests a judgment enjoining Supervalu from supplying Borowiak IGA stores with grocery products during the term of the supply agreement and to "un-tag" Borowiak IGA stores. (Filing No. 46-2 at p. 14).

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, a party does not have an absolute right to amend, and "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). *Wintermute v. Kansas Bankers Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011 ).

Supervalu opposes the instant motion to amend solely on the grounds of futility of the proposed amendments adding a prayer for attorneys' fees and a "claim" for injunctive relief. Supervalu does not otherwise oppose the Amended Complaint. (Filing No. 47 at pp. 2-3).

Leave to amend "may be denied if an amendment would be futile." *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006). Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Fed. R. Civ. P. 12(b)(6)].'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).

Supervalu contends that AFM/AWG's amended prayer for an award of attorneys' fees is futile because attorneys' fees are not legally recoverable under Nebraska law in this tort action, and thus would not survive a motion to dismiss. However, prayers for relief generally are not appropriate subject matter for dismissal under Fed. R. Civ. P. 12(b)(6). *JS IP, LLC v. LIV Ventures, Inc.*, No. 8:11CV424, 2012 WL 2871794, at *9 (D. Neb. July 12, 2012) (citing *Kansas-Nebraska Natural Gas Co. v. City of Hastings, Neb.*, 10 F.R.D. 280, 281 (D. Neb. 1950); see, *Winkler v. Price*, No. 8:13CV52, 2013 WL 3776540, at *2 (D. Neb. July 17, 2013) (denying motions to dismiss despite defendants' argument that the plaintiff's claim for attorney fees should be dismissed or stricken because attorney fees are not recoverable under Nebraska law). Because the request for attorneys' fees is not appropriate subject matter for a 12(b)(6) motion to dismiss, the Court cannot conclude in this early stage of the proceedings that the amendment is futile.

Supervalu next argues Count III of the Amended Complaint asserting a "claim" for injunctive relief is futile because an injunction is a remedy, not a separate cause of action, and thus would not survive a 12(b)(6) motion to dismiss. It is well-settled that, "[N]o independent cause of action for injunction exists." *Plan Pros, Inc. v. Zych*, No. 8:08CV125, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009); see also, *Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1059-60 (E.D. Mo. 2010) ("Injunctive relief . . . is a remedy, not an independent cause of action."); *Christensen v. PennyMac Loan Servs., LLC*, 988 F. Supp. 2d 1036, 1046 (D. Minn. 2013) ("The claim for injunctive relief is a request for a remedy, not a separate cause of action."). The Court agrees with Supervalu that, to the extent Count III purports to be an independent cause of action for "injunctive relief," it would not survive a motion to dismiss

3

under Rule 12(b)(6). However, that is not to say the plaintiffs cannot request injunctive relief as a remedy for their other independent claims. See, e.g., *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (permitting plaintiffs to seek injunctive relief for remaining claims in the complaint despite dismissal of injunctive relief as a separate cause of action); *Henke*, 750 F. Supp. 2d at 1060 ("Plaintiffs may seek injunctive relief as part of their prayer for relief in another claim, but this remedy cannot stand as separate causes of action."). Despite being pled as a separate "Count," liberally construing the Amended Complaint, the Court concludes the plaintiffs' Amended Complaint seeks injunctive relief as a remedy for the independent causes of action alleged in Counts II and II. Therefore, the Court finds that the Amended Complaint's request for injunctive relief is not futile. Accordingly,

**IT IS ORDERED**: Plaintiffs' Motion to Amend Pleadings in the Member Case (Filing No. 45) in Case No. 8:16cv465 is granted. Plaintiffs may file the Amended Complaint on or before June 2, 2017.

**DATED: May 19, 2017.**

                      **BY THE COURT:**

                      **s/ F.A. Gossett**
                      **United States Magistrate Judge**