# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **AFFILIATED FOODS MIDWEST COOPERATIVE, INC.**, a Nebraska corporation, and **ASSOCIATED WHOLESALE GROCERS, INC.**, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| **SUPERVALU INC.**, a Delaware corporation, | )<br>) |
| Defendant. | ) |

8:16CV465
Member Case

ORDER

___

| | |
|---|---|
| **BOROWIAK IGA FOODLINER, INC.**, | ) |
| Plaintiff/Counter Defendant, | ) |
| v. | ) |
| **AFFILIATED FOODS MIDWEST COOPERATIVE, INC.**, and **ASSOCIATED WHOLESALE GROCERS, INC.**, | )<br>)<br>)<br>) |
| Defendants/Third-Party Plaintiffs/Counter Plaintiffs, | ) |
| v. | ) |
| **TREVOR BOROWIAK**, | ) |
| Third Party Defendant. | ) |

8:16CV466
Lead Case

ORDER

This matter comes before the Court on the Motion to Strike Plaintiff's Jury Demand in the Lead Case (Filing No. 37) filed by the Lead Case defendants, Affiliated Foods Midwest Cooperative, Inc. ("AFM") and Associated Wholesale Grocers ("AWG"). AFM/AWG argue

that the Lead Case plaintiff, Borowiak IGA Foodliner, Inc. ("Borowiak"), waived its right to a jury trial in pre-litigation written agreements with AFM. The Court will grant the motion.

## BACKGROUND

Borowiak is a grocery store chain currently operating seven local supermarkets in southern Illinois. ([Filing No. 1 at p. 2](#)). On December 29, 2015, Borowiak and AFM entered into a Supply Agreement in which AFM agreed to supply Borowiak with foodstuffs and other items sold to retail grocers. ([Filing No. 38-1](#)). On the same date, in connection with the Supply Agreement, Borowiak executed a Promissory Note ([Filing No. 38-3](#)) and a Security Agreement ([Filing No. 38-2](#)) in favor of AFM. Trevor Borowiak, President of Borowiak IGA, executed a Guaranty of the Note ([Filing No. 44 at p. 35](#)) and a Guaranty of the Supply Agreement ([Filing No. 44 at p. 58](#)).

Section 7(j) of the Supply Agreement, designated "Governing Law: Venue: Waiver of Jury Trial," contains the following provision in all capital letters:

> EACH OF THE PARTIES HERETO HEREBY WAIVES TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTIONS OR LIABILITIES ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT.

([Filing No. 38-1 at p. 5](#)).

The Security Agreement contains the following provision, in all capital letters:

> WAIVER OF JURY TRIAL. DEBTOR AND SECURED PARTY HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, SUIT, COUNTERCLAIM, CROSSCLAIM OR OTHERWISE, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THIS AGREEMENT OR ANY ACTS OR OMISSIONS OF SECURED PARTY AND ITS OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY DEBTOR AND SECURED PARTY AND IS INTENDED TO

ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. DEBTOR AND SECURED PARTY ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION 7(K) IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.

([Filing No. 38-2 at pp. 5-6](#)).

The Promissory Note contains the following provision:

TRIAL BY JURY. BORROWER AND LENDER HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, SUIT, COUNTERCLAIM, CROSSCLAIM OR OTHERWISE, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THIS PROMISSORY NOTE OR ANY ACTS OR OMISSIONS OF LENDER AND ITS OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND LENDER AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. BORROWER AND LENDER ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION 10 IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.

([Filing No. 38-3 at pp. 3-4](#)).

Both Guaranties likewise contain jury waiver provisions in all capital letters. ([Filing No. 44 at pp. 35](#), 58).

Borowiak alleges AFM failed to fulfill its obligations under the Supply Agreement, and filed the instant action against AFM on October 12, 2016, for breach of contract, breach of the covenant of good faith and fair dealing, and for violations of the Nebraska Consumer Protection Act ("NCPA"). ([Filing No. 1](#)). AFM filed a Counterclaim against Borowiak, alleging Borowiak defaulted under the Supply Agreement and Promissory Note, and filed a

Third Party Complaint against Trevor Borowiak for breach of the Guaranties, among other causes of action. ([Filing No. 44](#)).

Borowiak demanded a jury trial in its Complaint. AFM/AWG filed the instant motion to strike Borowiak's demand for jury trial, arguing that Borowiak waived its right to a jury trial in each of the above agreements executed between the parties. ([Filing No. 37](#)).

## ANALYSIS

The right to a jury trial is guaranteed in certain civil cases under the Seventh Amendment of the United States Constitution. "Although the jury-trial right can be waived, the right is fundamental," and courts must "indulge every reasonable presumption against its waiver." *Bank of Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 849 (8th Cir. 2014) (quotation marks and citation omitted). Nevertheless, an express waiver of the right to a jury trial may occur by contract. See *Northwest Airlines, Inc.*, 373 F.2d at 142; *Cooperative Fin. Ass'n, Inc. v. Garst*, 871 F.Supp. 1168, 1171 (N.D. Iowa 1995).

Borowiak argues that Nebraska state law[1] governs the contractual jury waivers in this case, under which it argues the clauses would be "null and void." ([Filing No. 45 at pp. 8-11](#)). It is true that "federal courts have not reached a consensus on whether state or federal law governs the enforcement of a pre-dispute contractual jury waiver." 9 Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ*. § 2303 (3d ed.). However, the Eighth Circuit Court of Appeals has repeatedly stated that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013) (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)); see also, *Kampa v. White Consol. Indus., Inc.*, 115 F.3d 585, 587 (8th Cir. 1997) ("The right to a jury trial in federal court is clearly a question of federal law.").

---

[1] Neb. Rev. Stat. § 25-1126 provides, "The trial by jury may be waived by the parties in actions arising on contract, and with assent of the court in other actions (1) by the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney; (2) by written consent, in person or by attorney, filed with the clerk; and (3) by oral consent in open court entered on the journal." Borowiak argues none of the three subsections are present in this action.

Therefore, the Court finds that in this Circuit federal law governs the contractual jury waiver clauses at issue.

Courts in the Eighth Circuit apply the federal "knowing and voluntary" test to determine whether a jury trial has been waived. The court considers several factors in determining whether a pre-litigation waiver of a jury trial was knowingly and voluntarily executed, including: whether the provision is in a standardized document; the size of the print of the provision; the placement of the provision in the document; whether the parties had the opportunity to negotiate the terms; whether the waiving party was a sophisticated business person; whether the parties were in an unequal bargaining position; and whether there was an opportunity to review the terms of the contract. *DAB, Inc. v. Sunbelt Rentals, Inc.*, No. 7:16CV5004, 2017 WL 280692, at \*4 (D. Neb. Jan. 20, 2017) (citing *Garst*, 871 F.Supp. at 1172 (citations omitted)).

In this case, the Supply Agreement, Promissory Note, and Security Agreement each contain explicit and unambiguous waivers of the right to a jury trial. The agreements are not long documents and the jury waiver provisions are set forth in a separate paragraph near the end of each agreement. The majority of the text in each agreement is typed in a regular font, with only certain provisions typed in all capital letters, including the waiver provisions. The parties are sophisticated businesses and the contracts at issue concern large volume purchases for $85 million over a five year term. Borowiak did not appear to be in an unequal bargaining position, as it alleges in its Complaint that these agreements were executed after AFM solicited Borowiak to switch from its previous supplier of twenty years to AFM as a new supplier. The waivers in the Promissory Note and the Security Agreement both authorize each party to the agreement to file a copy of the jury waiver section "as conclusive evidence of this waiver," which AFM has done in this case. (Filing No. 38-3 at pp. 3-4; Filing No. 38-2 at pp. 5-6). Borowiak does not seriously dispute AFM's contention that Borowiak knowingly and voluntarily executed the waivers in the agreements; rather, Borowiak argues enforcement of the clauses are procedurally unenforceable. In consideration of the above, the Court finds Borowiak knowingly and voluntarily executed waivers of a jury trial on its claims in this case.

5

Borowiak argues that even if the jury waiver clauses are enforceable, AFM waived its right to enforce the contractual clauses because AFM itself demanded a jury trial in its Amended Answer ([Filing No. 44](#)). "A party may waive a written contract in whole or in part, either directly or inferentially," but "to establish a waiver of a legal right, there must be a clear, unequivocal, and decisive act of a party showing such a purpose, or acts amounting to an estoppel on his or her part." *[D & S Realty, Inc. v. Markel Ins. Co.](#)*, 789 N.W.2d 1, 17 (Neb. 2010); see *[CBR Funding, LLC v. Jones](#)*, 2015 WL 5431969, at *2 (W.D. Tenn. Sept. 15, 2015) (finding a party must engage "in a clear, unequivocal, and decisive act" demonstrating intent to waive its right to enforce a contractual jury waiver provision).

The Court finds that AFM did not clearly, unequivocally, and decisively waive its right to enforce the valid contractual waivers of a jury trial in this matter. It is clear that AFM intended at the outset of this litigation to enforce the jury waiver clauses. The parties' Rule 26(f) Report filed in February 2017 noted the parties' disagreement as to whether a trial by jury was available in this case, and agreed to a deadline for a party to file a motion to strike the demand for jury trial. ([Filing No. 29 at pp. 38-39](#)). AFM filed its motion to strike by the agreed-upon deadline. Although AFM's Amended Answer added a demand for jury trial, this Amended Answer was filed after it filed the instant motion to strike, which AFM asserts was a contingency plan in case its motion to strike is not granted. AFM agrees to proceed without a jury if its motion to strike is granted.[2] ([Filing No. 47 at p. 7](#)). The Court finds AFM's conduct does not amount to a clear, unequivocal, and decisive waiver of the valid contractual jury waivers. Cf. *[Sprint Nextel Corp](#)*, 2017 WL 119583, at *2 (denying plaintiff's request to withdraw its proper jury demand after litigating for five years); *[Sapp v. Propeller Co. LLC](#)*, 784 N.Y.S.2d 532 (App. Div. 2004) (finding defendants waived contractual jury waiver clause by affirmatively demanding a jury trial and then failing to seek to withdraw the demand until nine months later). Accordingly,

---

[2] The Court notes that the jury waiver clauses apply equally to AFM as a party to the agreements at issue. Regardless, AFM/AWG has agreed to proceed without a jury, which obviates Borowiak's remaining argument regarding two factfinders.

**IT IS ORDERED**:  The Motion to Strike Plaintiff's Jury Demand in the Lead Case ([Filing No. 37](Filing No. 37)) is granted.

**DATED: May 30, 2017.**

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**