IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., a Nebraska corporation, and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERVALU INC., a Delaware corporation;<br><br>Defendant. | **8:16CV465<br>MEMBER CASE**<br><br>**MEMORANDUM AND ORDER** |
| BOROWIAK IGA FOODLINER, INC.,<br><br>Plaintiff/Counter Defendant,<br><br>v.<br><br>AFFILIATED FOODS MIDWEST COOPERATIVE, INC., and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>Defendants/Third-Party Plaintiffs/Counter Plaintiffs.<br><br>vs.<br><br>TREVOR BOROWIAK,<br><br>Third Party Defendant. | **8:16CV466<br>LEAD CASE**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the parties' (Counter Claimant Affiliated Foods Midwest Cooperative, Inc., Defendants Affiliated Foods Midwest Cooperative, Inc., Associated Wholesale Grocers, Inc., Third Party Plaintiff Affiliated Foods Midwest Cooperative, Inc.) motion to strike jury trial request, Filing No. 37, in 16-cv-00466.[1] Borowiak objects, Filing No. 54 in the Lead case, and Filing No. 61 in the Member Case, to the Order dated May 30, 2017, Filing No. 48, granting the Motion to Strike Plaintiff's Jury Demand in the Lead Case filed by Affiliated Foods Midwest Cooperative ("AFM") and Associated Wholesale Grocers ("AWG" and collectively with AFM, "AFM/AWG") (Filing No. 37). These objections are filed pursuant to Fed. R. Civ. P. 72(a) and NECivR 72.2(a). Defendant Supervalu filed a request for a jury trial in the Member Case, 16cv465. Filing No. 1, ¶ 11 at 2, and in its answer, Filing No. 33 at 7 and its answer to amended complaint, Filing No. 58 at 10. In the Lead case, Borowiak filed a request for a jury trial in its complaint, Filing No. 1.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a). With

---

[1] This memorandum and order will generally refer to filing numbers of the Lead Case only, 16cv466. The Magistrate Judge's Order, Filing No. 55, in the Member Case is reported at *Affiliated Foods Midwest Coop., Inc. v. Supervalu Inc.,* No. 8:16-cv-465, 2017 WL 2345575 (D. Neb. May 30, 2017). This memorandum and order encompasses both the Lead Case and Member Case, as it relates to the motion to strike.

respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to de novo review. *See e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1).

**BACKGROUND**

Plaintiff AFM is in the business of selling grocery products and other items to retail grocery stores. AFM regularly entered into long-term supply agreements with many of its customers. As part of AFM's agreement to loan money to its customers, the parties agree that for a certain period of time AFM will supply all the groceries to the customer. SuperValu Inc. is similarly in the business of selling grocery products to retail grocery stores. They are direct competitors of AFM. Borowiak owns seven retail grocery stores. At all material times herein, Borowiak entered in to a Supply Agreement with AFM, which made AFM the primary grocery supplier to Borowiak. The Agreement was to last for 5 years. Borowiak agreed to buy at least $85,000,000 in goods from AFM. AFM decided to sell its business in late 2016. Once the announcement of a possible sale occurred, SuperValu began working with Borowiak to become its supplier.[2]

On October 12, 2016, a complaint filed by AFM filed against SuperValu in the District Court of Madison County, Nebraska (Member Case) was removed to federal court. The complaint alleged SuperValu, by supplying fresh meat and other groceries, tortiously interfered with certain agreements between AFM and Borowiak. *See* Filing No. 1 at 1. Borowiak alleged that there had been a "failure or refusal" by AFM "to provide fresh meat and timely deliver produce" and AFM has been "unable or failed to

---

[2] Prior to the contract with AFM, SuperValu serviced Borowiak.

consistently serve Borowiak's needs for other foodstuffs and items sold by retail grocers such as the $1.00 product offering and cross-dock products." *See* Filing No. 11, at 3. As a result Borowiak purchased all fresh meat for its seven stores from SuperValu. *Id.* In addition, Borowiak also learned AFM was selling substantially all of its assets to Associated Wholesale Grocers, Inc. ("AWG") and Borowiak would, thereafter, be required to become an AWG member to receive the grocery items previously provided by AFM. *Id.* at 2. Borowiak would be "required to accept terms and conditions different than those in the Agreement relating to the valuable patronage rebate Borowiak was then receiving from AFM". *See* Filing No. 12-2 at 4-5.

On October 12, 2016, Borowiak filed suit (Lead Case) against AFM for breach of contract, breach of the covenant of good faith and fair dealing, and for violations of the Nebraska Consumer Protection Act ("NCPA"), and Borowiak requested a jury trial. Filing No. 1. AFM filed a Counterclaim against Borowiak, alleging Borowiak defaulted under the Supply Agreement and Promissory Note, and filed a Third Party Complaint against Trevor Borowiak for breach of the guaranties, among other causes of action. Filing No. 44. AFM/AWG filed the instant motion to strike Borowiak's demand for jury trial, arguing that Borowiak waived its right to a jury trial in each of the above agreements executed between the parties. Borowiak filed a complaint and demand for jury trial. Filing No. 1. AFM/AWG moved to strike the demand for jury trial. Filing No. 37. Thereafter, in their amended answer, AFM/AWG requested a jury trial on all matters that are triable to a jury. Filing No. 44, at 28. The Amended Answer with AFM/AWG's jury demand asserts claims for breach of contract relating to the three (3) agreements relied upon in AFM/AWG's motion to strike, as well as claims for violation of

4

the Nebraska Consumer Protection Act, unjust enrichment and related business torts. Filing No. 44. The magistrate judge granted the motion to strike. Filing No. 48. SuperValu, a defendant in the Member case, demanded a jury trial, Filing No. 33, and no motion to strike was ever filed.

**DISCUSSION**

Borowiak objects to the findings of the magistrate judge, in particular, the magistrate judge's determinations that:

> a. "[T]he Eighth Circuit Court of Appeals has repeatedly stated that 'the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions'" (Filing No. 48 at 4).
> b. "Courts in the Eighth Circuit apply the federal 'knowing and voluntary' test to determine whether a jury trial has been waived" (Filing No. 48 at 5).
> c. "Borowiak argues enforcement of the clauses are procedurally unenforceable" (Filing No. 45 at 5).
> d. "Borowiak knowingly and voluntarily executed waivers of a jury trial on its claims in this case" (Filing No. 48 at 5).
> e. "[AFM/AWG] did not clearly, unequivocally, and decisively waive its right to enforce the valid contractual waivers of a jury trial in this matter. It is clear that [AFM/AWG] intended at the outset of this litigation to enforce the jury waiver clauses. . . . The Court finds [AFM/AWG's] conduct does not amount to a clear, unequivocal, decisive waiver of the valid contractual jury waivers" (Filing No. 48 at 6).
> f. "The Motion to Strike the Plaintiff's Jury Demand in the Lead Case (Filing No. 37) is granted" (Filing No. 48 at 7).

Filing No. 54, at 2-3.

Borowiak contends he is entitled to a jury trial under the Seventh Amendment to the United States Constitution. AFM/AWG contends there is a waiver clause that prohibits a jury trial as to the claims of Borowiak. The relevant language in the contract states:

> "<u>Governing Law: Venue; Waiver of Jury Trial.</u>" EACH OF THE PARTIES HERETO HEREBY WAIVES TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW ANY RIGHT IT MAY HAVE TO A

5

> TRIAL BY JURY WITH RESPECT TO ANY ACTIONS OR LIABILITIES ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT.

Filing No. 38-A, § 7(j), Supply Agreement.

> It further states:
>
> WAIVER OF JURY TRIAL. DEBTOR AND SECURED PARTY HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, SUIT, COUNTERCLAIM, CROSSCLAIM OR OTHERWISE, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THIS AGREEMENT OR ANY ACTS OR OMISSIONS OF SECURED PARTY AND ITS OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY DEBTOR AND SECURED PARTY AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. DEBTOR AND SECURED PARTY ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION 7(K) IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.

*Id.,* Ex. B, § 7(k), Security Agreement.

> And finally, the Promissory Note states:
>
> TRIAL BY JURY. BORROWER AND LENDER HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, SUIT, COUNTERCLAIM, CROSSCLAIM OR OTHERWISE, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THIS PROMISSORY NOTE OR ANY ACTS OR OMISSIONS OF LENDER AND ITS OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND LENDER AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. BORROWER AND LENDER ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION 10 IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.

Filing No. 38, Ex. C, Promissory Note, § 10.

### a. Contractual Waiver

AFM/AWG argues that the findings of the magistrate judge should be affirmed. They contend that the cases cited herein, support the magistrate judge's application of the "knowing and voluntary" standard in contractual waiver cases. The magistrate judge applied the "knowing and voluntary" test to determine if waiver applies to a jury trial request. *Id.* at 5. *See DAB, Inc. v. Sunbelt Rentals, Inc.,* 2017 WL 280692, at *4 (D. Neb. Jan. 20, 2017). The magistrate employed the *DAB* factors and determined that Borowiak waived its right to a jury trial.

The magistrate judge relied, as does AFM/AWG, on the following cases for determining whether federal or state law applies to the validity of the contractual waiver. *See Simler v. Connor,* 372 U.S. 221, 222 (1963) ("[T]he characterization of [a] state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law"; "In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law…") (emphasis added); *InCompass IT, Inc. v. XO Communications Services, Inc.,* 719 F.3d 891, 896 (8th Cir. 2013), and *Kampa v. White Consolidated Industries, In*c., 115 F.3d 585, 587 (8th Cir. 1997) (same). AFM/AWG argue that federal law applies, relying on *ERA Franchise Systems, LLC v. Realty Linc, Inc.,* 2009 WL 464942 (D. Neb. Feb. 23, 2009) (knowing waiver of jury trial is upheld).

However, none of the three cases, argues Borowiak, cited by the magistrate judge, discussed the issue of jury waiver. In fact, Borowiak contends that recent federal courts of appeals have concluded otherwise. *IFC Credit Corp. v. United Bus. & Indus.*

*Fed. Credit Union,* 512 F.3d 989, 991-92 (7th Cir. 2008)[3]; *In re Cty. of Orange,* 784 F.3d 520, 525 (9th Cir. 2015) (the Ninth Circuit issued a writ of mandamus directing the district court to deny a motion to strike a jury demand where "[i]t relied on *Simler* . . . , and *Byrd* . . . , to conclude that the right to a jury trial— including waiver of that right—is a federal procedural issue controlled in federal court by federal law." *Cty. of Orange,* 784 F.3d at 525. However, that Court also determined that "we are faced with a void in federal law. Rather than expand the constitutional "knowing and voluntary" standard to fill that void, we adopt state law as the federal rule. This means that federal courts sitting in diversity must apply the relevant state law to evaluate the validity of a pre-dispute jury trial waiver when that law is more protective than federal law." *Id.* at 531-32.

The court agrees with the magistrate judge that state law determines the validity of the jury waiver in the contract, where the contract selects state substantive law." *IFC Credit Corp.,* 512 F.3d at 991. "State law governs the validity of a jury waiver clause in a diversity action where the contract contains a choice of law provision." *FPC Financial F.S.B. v. Doniphan Energy, LLC,* No. 10–03242–CV–S–DGK, 2011 WL 5402046, at *1 (W.D. Mo. Nov. 7, 2011); *Norhurst, Inc. v. Acclaim Sys., Inc.,* No. 11 C 7222, 2012 WL 473135, at *2 (N.D. Ill. Feb. 9, 2012) ("[W]hen a contract is governed by state law, the

---

[3] *Simler* holds that the classification of a dispute as 'legal' or 'equitable' must be made under federal norms: after all, the phrase 'at common law,' which guarantees a right to trial by jury, is in the Seventh Amendment, and meaning of this phrase therefore must be a matter of federal law. It does not follow that national law also controls the validity of a contractual agreement to a bench trial. There is no general federal law of contracts after *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938); if 'federal law' did control, the best it could do would be to use state law as the rule of decision. *See United States v. Kimbell Foods, Inc.,* 440 U.S. 715 (1979). . . . We therefore ask whether the agreement [to a bench trial] is valid under the law of Illinois.
*IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union,* 512 F.3d 989, 991-92 (7th Cir. 2008).

validity of a jury-trial waiver similarly is governed by state law."). "The rule of decision concerning the validity of a [jury] waiver clause is drawn from the state whose rules will govern the rest of the dispute." *FPC Financial F.S.B.,* 2011 WL 5402046, at *1.

### b. Nebraska law

Federal courts sitting in diversity must apply the relevant state law to evaluate the validity of a pre-dispute jury trial waiver when that law is more protective than federal law. *Cty. of Orange,* 784 F.3d at 531–32. All the agreements in question designate Nebraska as the governing law. Filing No. 38-1, ¶ 7(j); Filing No. 38-2, ¶ 7(a), Filing No. 38-3, ¶ 9). Nebraska law states:

> The trial by jury may be waived by the parties in actions arising on contract, and with assent of the court in other actions (1) by the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney; (2) by written consent, in person or by attorney, filed with the clerk; and (3) by oral consent in open court entered on the journal.

Neb. Rev. Stat. § 25-1126.

Borowiak relies heavily on a Nebraska case that states: "Under a rule of exclusivity, unless a party's conduct falls into one of § 25-1126's three categories, we will not find a waiver of a constitutional right." *Jacobson v. Shresta,* 288 Neb. 615, 623, 849 N.W.2d 515, 521 (2014) (emphasis added). However, the case is not similar to the one at hand. *Jacobson* does not involve a waiver but instead involves a lack of timely request for a jury trial. The second case relied on by AFM/AWG states: "In sum, in district court, a party's waiver of a jury trial occurs only if a court determines that one of three circumstances under § 25-1126 applies." *Id.; accord McKinney v. Cass Cty.,* 180 Neb. 685, 691, 144 N.W.2d 416, 421 (1966) ("Agreements of parties [in the course of litigation] in regard to the trial of a suit [without a jury] are not absolute, even though in

9

writing, and they are not to be treated as contracts to be enforced in all circumstances. They may be set aside by the court in the exercise of a sound discretion in the promotion of justice."). Again, this case does not address a contractual clause in a contract, but instead concerns a waiver stipulation by the parties, followed by the death of the trial judge, and then followed by a request to withdraw the waiver. The court finds neither of these cases deal with the issue at hand.

Borowiak contends that the magistrate judge struck the jury demand under federal law without examining whether Nebraska law gives greater protections to a party. While this might be true, it is not outcome determinative in this case. Section 25-1126 allows waivers in contract cases, and the protections argued by Borowiak are not present. Numbers 1-3 in § 25-1126 apply and with the assent of the Court in "other actions." The "arising on contract" language is applicable only to contracts. Numbers 1-3 of the clause do not apply to contracts, but instead that clause relates to the "other actions" under § 25-1126. Nebraska clearly allows waivers in contract actions. The court finds the parties voluntarily and knowingly entered into these agreements. They had equal bargaining power. The language is clear and in bold print in all three relevant agreements. More importantly, § 25-1126 permits such waivers of a jury trial. Accordingly, the court finds the contractual waiver in this case and under these circumstances is valid.

### c. Waiver by AFM/AWG

The court now looks at the argument regarding the jury request by AFM/AWG and Supervalu to determine if they have waived this contractual right by their actions. With regard to whether AFM waived its right to argue the jury waiver by requesting a

jury trial in its amended answer, the magistrate judge concluded that AFM did not clearly waive its right to enforce the contractual jury trial waiver. As stated by the magistrate judge:

> The Court finds that AFM did not clearly, unequivocally, and decisively waive its right to enforce the valid contractual waivers of a jury trial in this matter. It is clear that AFM intended at the outset of this litigation to enforce the jury waiver clauses. The parties' Rule 26(f) Report filed in February 2017 noted the parties' disagreement as to whether a trial by jury was available in this case, and agreed to a deadline for a party to file a motion to strike the demand for jury trial. (Filing No. 29 at pp. 38-39). AFM filed its motion to strike by the agreed-upon deadline. Although AFM's Amended Answer added a demand for jury trial, this Amended Answer was filed after it filed the instant motion to strike, which AFM asserts was a contingency plan in case its motion to strike is not granted. [f.n. 2]. AFM agrees to proceed without a jury if its motion to strike is granted. (Filing No. 47 at p. 7). The Court finds AFM's conduct does not amount to a clear, unequivocal, and decisive waiver of the valid contractual jury waivers. Cf. *Sprint Nextel Corp*, 2017 WL 119583, at *2 (denying plaintiff's request to withdraw its proper jury demand after litigating for five years); *Sapp v. Propeller Co. LLC,* 784 N.Y.S.2d 532 (App. Div. 2004) (finding defendants waived contractual jury waiver clause by affirmatively demanding a jury trial and then failing to seek to withdraw the demand until nine months later).

Filing No. 48, Magistrate Judge's Order, at 6.

Borowiak contends that AFM/AWG cannot enforce the contractual waiver since they have made their own jury demand. "Under Rule 39(a), the parties or their attorneys may stipulate that trial will be without a jury, even though a jury trial has been previously properly demanded. All parties must consent to the stipulation, which must either be made in a writing filed with the court or, as in the present case, by oral stipulation made in open court and somehow reflected in the record." *Fields Eng'g &*

*Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir. 1981)[4]; *see also Concordia Co. v. Panek,* 115 F.3d 67, 69 (1st Cir. 1997) ("Any party can preserve its right to a jury by making a timely demand for a jury trial, and once the demand is made, both parties must consent before it can be withdrawn."). "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a)(1).

The court has carefully reviewed the arguments of counsel and the relevant law. The court agrees with the findings and analysis of the magistrate judge. The contracts clearly waived the right to a jury trial in the Lead Case. AFM/AGW clearly did not want to waive these contractual provisions, as evidenced by their contracts, motion to strike, and argument in support of not having their jury in their 26(f) disclosures. Accordingly, the court will adopt the order of the magistrate judge.

### d. Certification

Any request for certification of an appeal to the Eighth Circuit is denied, as there is no support for such a request. Further, the court will not grant an interlocutory appeal on this issue. *See* 28 U.S.C. § 1292(b). The court does not believe this is an issue of a controlling question of law with substantial ground for a difference of opinion. *See Henggeler v. Brumbaugh & Quandahl, P.C., LLO*, 2012 WL 3030110, at *1 (D. Neb. July 25, 2012).

---

[4] *Cargill,* however, dealt with a case wherein the parties stipulated at the pretrial conference to a nonjury trial.

12

THEREFORE, IT IS ORDERED THAT:

1. The objections to the findings of the magistrate judge in the Lead Case, Filing No. 54, are overruled;

2. The objections to the findings of the magistrate judge in the Member Case, Filing No. 61, are overruled;

3. The motion to strike the jury demand in the Lead Case, Filing No. 37, is granted.

4. The order of the magistrate judge, Filing No. 48, is adopted in its entirety.

Dated this 3rd day of August, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge