IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., a Nebraska corporation; and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPERVALU INC., a Delaware corporation;<br><br>Defendant. | **8:16CV465**<br>**MEMBER CASE**<br><br>**ORDER** |
| BOROWIAK IGA FOODLINER, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED FOODS MIDWEST COOPERATIVE, INC., and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>Defendants, Counterclaimants, and Third-Party Defendants,<br><br>vs.<br><br>TREVOR BOROWIAK,<br><br>Third-Party Defendant. | **8:16CV466**<br>**LEAD CASE**<br><br>**ORDER** |

This matter is before the Court on the Motion to Quash and/or Protective Order and For Expedited Relief ([Filing No. 152](#)) filed in the Lead Case by Plaintiff, Borowiak IGA Foodliner, Inc. ("Borowiak") and non-party Mark Franklin ("Franklin").

On June 19, 2018, AFM/AWG issued a subpoena to third-party Franklin to testify on July 10, 2018, in Minneapolis, MN. ([Filing No. 152 at p. 6](#)). The subpoena requests that Franklin bring several documents with him to the deposition, including documents regarding proposals or agreements between Supervalu, Borowiak, and AFM/AWG and Borowiak's financial condition. ([Filing No. 152 at pp. 6-9](#)). AFM/AWG did not consult with counsel for Borowiak prior to

serving the subpoena, nor did AFM/AWG provide counsel for Borowiak with a copy of the subpoena after it was served. (Filing No. 153-1 at p. 2). On June 27, 2018, Franklin contacted counsel for Borowiak because he is unavailable to attend the deposition on July 10, 2018, and asked that it be rescheduled in August because he will be traveling extensively in July.

On June 28, 2018, counsel for Borowiak contacted counsel for AFM/AWG to inform them that both Franklin and Borowiak's counsel were unavailable on July 10, 2018, and sought proposed dates in August to reschedule. (Filing No. 153-2; Filing No. 153-4). Counsel for AFM/AWG refused to reschedule. (Filing No. 153-3). Franklin thereafter engaged counsel for Borowiak to represent him in connection with filing the instant motion.

Having considered the matter, the Court will quash the subpoena. First, because the subpoena commands Franklin to bring with him several documents for inspection, copying, testing, or sampling, (Filing No. 153 at p. 6), AFM/AWG was required to provide notice to opposing counsel before serving the subpoena. See Fed. R. Civ. P. 45(a)(4)("If the subpoena commands the production of documents, electronically stored information, or tangible things . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."); NECivR 45.1(a)("No subpoenas for production or inspection may be issued for service on a nonparty without giving the adverse party notice[.]"). The Eighth Circuit has found a district court may quash a subpoena duces tecum to a non-party which was served without providing prior notice to opposing counsel. See *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000).

Additionally, AFM/AWG was required to "give reasonable written notice to every other party" regarding the deposition. Fed. R. Civ. P. 30(b)(1)("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."). Neither Borowiak nor Franklin have taken the position that Franklin's deposition cannot be taken, nor have they unnecessarily sought a lengthy delay for any unreasonable purpose. Rather, they simply request that Franklin's deposition be rescheduled sometime next month because both Borowiak's counsel and Franklin are not available for a deposition in Minnesota on July 10. Had counsel for AFM/AWG contacted Borowiak's counsel prior to serving the subpoena, this issue would not have needed to come before the Court. See, e.g., *Schmidt et al v. Bellevue Medical Center L.L.C.*, Case No. 8:13CV143, ECF No. 143 (March 3, 2015)(Gossett, J.)(quashing defendant's noticed depositions of non-party witnesses because the depositions were noticed without

consulting plaintiffs' counsel to determine his availability); *E.E.O.C. v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141 (E.D. Mo. 1997)("Plaintiffs do not object to the testimony of [non-party individuals] but only object to the scheduling of their depositions when plaintiffs' counsel are unavailable. Plaintiffs' counsel are entitled to be present at any deposition taken by defendants, including that of [the non-party individuals]. **The attorneys in this case are expected to cooperate with each other in scheduling depositions so that it will be unnecessary for any party to present such a dispute for resolution by the Court.**")(emphasis in original).

Finally, a subpoena may be quashed or modified if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Unilaterally scheduling a deposition on a date that both opposing counsel and the deponent are out of town and unavailable presents an undue burden. Accordingly, the Court will grant the motion to quash the deposition of Mark Franklin scheduled for July 10, 2018. AFM/AWG may re-notice the deposition after counsel meet and confer to determine a date convenient for the parties and Franklin.

Upon consideration,

**IT IS ORDERED:**

1. The Motion to Quash and/or Protective Order and For Expedited Relief (Filing No. 152 in the Lead Case; Filing No. 158 in the Member Case) is granted.
2. Counsel are to meet and confer to expeditiously reschedule Mark Franklin's deposition for a date convenient for all parties.

Dated this 9th day of July, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge