IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., a Nebraska corporation; and ASSOCIATED WHOLESALE GROCERS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> SUPERVALU INC., a Delaware corporation; <br><br> Defendant. | 8:16CV465 <br><br> MEMBER CASE <br><br> ORDER |
| BOROWIAK IGA FOODLINER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AFFILIATED FOODS MIDWEST COOPERATIVE, INC., and ASSOCIATED WHOLESALE GROCERS, INC., <br><br> Defendants, Counterclaimants, and Third-Party Defendants, <br><br> vs. <br><br> TREVOR BOROWIAK, <br><br> Third-Party Defendant. | 8:16CV466 <br><br> LEAD CASE <br><br> ORDER |

This matter is before the Court following a telephone conference held on September 19, 2018, with counsel for the parties in both the Lead and Member Cases. Counsel for SuperValu Inc., ("SuperValu") requested the conference to resolve a discovery dispute in the Member Case, and counsel for Affiliated Foods Midwest Cooperative, Inc. and Associated Wholesale Grocers, Inc. ("AFM/AWG") requested to join to the conference a separate discovery dispute in the Lead Case with Borowiak IGA Foodliner, Inc. ("Borowiak").

The discovery dispute between SuperValu and AFM/AWG in the Member Case was partly addressed during a telephone conference held before the undersigned magistrate judge on August 29, 2018. In advance of that telephone conference, the Court received by email the following submissions related to the Member Case discovery dispute: a joint Discovery Dispute Chart (Exhibit A), SuperValu's letter argument dated August 27, 2018, (Exhibit B), and AFM/AWG's letter argument dated August 27, 2018, (Exhibit C).

The Court received the following submissions by email in advance of the September 19, 2018, telephone conference: SuperValu's letter argument dated September 18, 2018, (Exhibit D), Borowiak's letter argument dated September 18, 2018, (Exhibit E), and AFM/AWG letter argument dated September 18, 2018, (Exhibit F).

During the telephone conference, all parties agreed that the Court may enter rulings on the discovery disputes raised in the above documents without formal motion practice, with the exception that AFM/AWG objects to Court resolution of the issues raised in Borowiak's letter (Exhibit E) because they have not yet met and conferred on those issues.

## Member Case Dispute

SuperValu generally requests that AFM/AWG produce financial information regarding their actual profits and Board of Director meeting documents related to Borowiak, SuperValu, or the AWG/AFM merger. SuperValu's Requests for Production Nos. 25-29 seek documents that SuperValu assert are relevant to assess AFM/AWG's claim for lost profit damages calculated as far as ten years into the future resulting from SuperValu's alleged tortious interference. (Ex. B at p. 2). SuperValu has agreed to limit these requests to the following documents:

(1) Documents sufficient to show AFM/AWG total sales revenue on wholesale grocery supply contracts by year, January 1, 2013 to date;
(2) Documents sufficient to show AFM/AWG's total cost of goods sold and direct and/or allocated costs on wholesale grocery supply contracts by year, January 1, 2013 to date,
(3) Documents sufficient to show AFM/AWG's average profits on wholesale grocery supply contracts by year, January 1, 2013, to date;
(4) AFM/AWG's financial statements – audited, reviewed or compiled by a public accounting firm, January 1, 2013 to date; and
(5) AFM/AWG's budgets, forecasts or projections relating to Borowiak's stores.

AFM/AWG primarily objects to producing profit information and financial statements from 2013 and 2014. (Ex. C).

Upon consideration of the matter, the Court will grant SuperValu's request and order AFM/AWG to search for and produce all documents responsive to SuperValu's compromised document requests set forth above. AFM/AWG allege that SuperValu began tortiously interfering with Borowiak IGA and AFM/AWG's relationship in July 2016. (Filing No. 54 at pp. 7-8 in the Member Case). According to SuperValu, AFM/AWG seek lost profit damages up to ten years into the future. Under Nebraska law, "[A] claim for lost profits must be supported by some financial data which permit an estimate of the actual loss to be made with reasonable certitude and exactness." *Racicky v. Farmland Indus.*, Inc., 328 F.3d 389, 397 (8th Cir. 2003)(quoting *World Radio Labs., Inc. v. Coopers & Lybrand*, 557 N.W.2d 1, 13 (Neb. 1996)(citations omitted)). "[T]he key to establishing lost profits is the establishment of a course of business activity through business records." *Racicky*, 328 F.3d at 397 (quoting *Triple R Indus., Inc. v. Century Lubricating Oils, Inc.*, 912 F.2d 234, 238 (8th Cir. 1990)). SuperValu's request for AFM/AWG's historical financial statements and financial data for three years prior to when SuperValu began its alleged tortious interference is clearly relevant to SuperValu's defense to AFM/AWG's claims for future damages, and such request is relevant and proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1).

SuperValu's Request for Production No. 1 asked AFM/AWG to produce, "For the period January 1, 2015 to present, all documents, including without limitation agendas, packets, minutes, notes, or presentations, relating to any meeting(s) of the Board of Directors of AFM and/or AWG, or any committees of the Board of Directors of AFM and/or AWG; and (a) Borowiak IGA and its stores; (b) SUPERVALU; or (c) a potential or actual merger or acquisition transaction involving AFM." AFM/AWG objected to this request as confusing and unintelligible as written. (Ex. B, Ex. C). During the parties' meet and confer on August 23, 2018, SuperValu clarified that this request generally "seeks board minutes of AFM or AWG related to Borowiak, Supervalu, or a merger transaction with AFM" and also referred AFM/AWG to the Discovery Dispute Chart (Ex. A), wherein Supervalu clarified that Request No. 1 "seeks documents relating to board or board committee meetings of AFM and/or AWG; and which relate to one or more of the following topics: (a) Borowiak IGA and its stores; (b) SUPERVALU; (c) a potential or actual merger or acquisition transaction involving AFM." (Ex. A at pp. 7-8). SuperValu asserts such documents are relevant to show "The importance of Borowiak to the AWG transaction and whether AFM and AWG knew that they would have to get Borowiak and other retailers to sign

3

new agreements before they would supply them with groceries." AFM/AWG has still not responded to Request No. 1, and as of the September 19, 2018, telephone conference, could not say whether they would be objecting to the revised request.

Upon consideration, the Court will grant SuperValu's request and order AFM/AWG to search for and produce documents responsive to revised Request No. 1, <u>without objections</u>. SuperValu first served AFM/AWG with Request No. 1 two months ago. Though AFM/AWG's assertion that such request was so categorically unintelligible that it could not provide any response is somewhat dubious, the Court nevertheless initially instructed the parties to meet and confer to reach some compromise. SuperValu's revised request is clear and seeks documents relevant to AFM/AWG's claims and SuperValu's defenses. Accordingly, AFM/AWG shall search for and produce documents responsive to SuperValu's revised Request No. 1.

Finally, for clarification, SuperValu's requests for production are directed to both plaintiffs, which include AFM and AWG. AFM/AWG are represented by the same counsel and have the same interests in this action, and thus any objection that SuperValu did not properly request or is not entitled to documents from AFM is overruled.

**Lead Case Disputes**

The primary dispute in the Lead Case pertains to AFM/AWG's allegation that Borowiak has either willfully not produced or destroyed/deleted relevant emails. AFM/AWG bases this claim on SuperValu's production of over 70 emails to or from Trevor Borowiak in the Member Case that Borowiak did not produce in the Lead Case. AFM/AWG asks the Court to require Borowiak to either produce all responsive documents it has not yet produced or provide an affidavit from Borowiak detailing when and how this large cache of responsive documents was deleted. (Ex. F). During the September 19, 2018, telephone conference, Borowiak stated it has been willing to investigate and conduct a further inquiry with Mr. Borowiak as to why the emails were not produced, but AFM/AWG has not identified which documents they are referring to.

Rule 34(a) contemplates production of responsive materials, within the scope of Rule 26(b), which are in the possession, custody or control of the responding party. "[D]ocuments are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *Healthcare Mgmt. Sols., Inc. v. Hartle*, No. 8:07CV05, 2007 WL 1726585, at *3 (D. Neb. June

13, 2007). "All parties are entitled reasonable access to 'all evidence bearing on the controversy between them, including that in control of adverse parties. This, of course, requires the absolute honesty of each party in answering discovery requests and complying with discovery orders.'" *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 609 (D. Neb. 2001) (quoting *Litton Sys., Inc. v. Am. Tel. & Tel. Co.*, 91 F.R.D. 574, 576 (S.D. N.Y. 1981)).

After consideration of the arguments made by the parties during the telephone conference, AFM/AWG is to identify by Bates number (or some other easily identifiable manner) the 70-plus emails they assert were produced by SuperValu to both parties in the Member Case that should have been produced by Borowiak. Thereafter, Borowiak is to conduct a reasonable investigation into why these emails were not produced, and provide an affidavit identifying its efforts to obtain and provide responsive documents and indicating whether all responsive documents have been produced after a diligent and good faith effort to locate and identify responsive materials. Borowiak is to produce any additional responsive documents located after its search.

AFM/AWG objects to Court resolution of Borowiak's issues in its letter to the Court at Exhibit E. The Court will not order AFM/AWG to do so, but for purposes of the parties' meet and confer, the Court notes that, at this time, Borowiak has made a colorable argument that AFM/AWG should provide all the documents identified in Borowiak's letter at Exhibit E.

**IT IS ORDERED:**

1. In the Member Case, on or before **October 5, 2018,** AFM/AWG is to produce documents responsive to SuperValu's Request for Production of Document Nos. 1 and 25-29, in accordance with SuperValu's last offered compromise (Ex. A);

2. In the Lead Case, on or before **October 5, 2018**, AFM/AWG is to identify by Bates number (or some other easily identifiable manner) the 70-plus emails they assert were produced by SuperValu to both parties in the Member Case that should have been produced by Borowiak; Thereafter, on or before **October 19, 2018,** Borowiak is to conduct a reasonable investigation into why these emails were not produced, and provide an affidavit to AFM/AWG identifying its efforts to obtain and provide responsive documents and indicating whether all responsive documents have been produced after a diligent and good faith effort to locate and identify responsive

5

materials. Borowiak shall also produce any additional responsive documents located after its search.

Dated this 21st day of September, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge