IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., a Nebraska corporation; and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUPERVALU INC., a Delaware corporation;<br><br>    Defendant. | **8:16CV465**<br>**MEMBER CASE**<br><br>**ORDER** |
| BOROWIAK IGA FOODLINER, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>AFFILIATED FOODS MIDWEST COOPERATIVE, INC., and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>    Defendants,<br>    Counterclaimants, and<br>    Third-Party Defendants,<br><br>vs.<br><br>TREVOR BOROWIAK,<br><br>    Third-Party Defendant. | **8:16CV466**<br>**LEAD CASE**<br><br>**ORDER** |

This matter is before the Court on the Motion for Leave to File Supplemental Counterclaim and Supplemental Third-Party Complaint (Filing No. 171) filed in the Lead Case by Defendants, Affiliated Foods Midwest Cooperative, Inc. and Associated Wholesale Grocers, Inc. ("AFM/AWG"). AFM/AWG requests leave to file a supplemental counterclaim and third-party complaint against Borowiak IGA Foodliner, Inc. ("Borowiak IGA") and Trevor Borowiak adding a claim for violations of the Illinois Eavesdropping Act. (Filing Nos. 171-1, 172). The Court will deny the motion.

## BACKGROUND

The Borowiak plaintiffs initially filed the instant action against AFM on October 12, 2016, alleging that AFM failed to fulfill certain obligations under a Supply Agreement dated December 29, 2015. (Filing No. 1). The Court later joined AWG as a defendant. (Filing No. 22). On November 3, 2016, AFM/AWG filed a counterclaim against Borowiak IGA and a third party complaint against Trevor Borowiak. (Filing No. 11). On May 16, 2017, AFM/AWG filed an amended Counterclaim against Borowiak IGA for breach of the parties' Supply Agreement and an incorporated Promissory Note and for fraudulent and negligent misrepresentations, and an amended third-party complaint against Trevor Borowiak for breach of guarantor obligations, tortious interference with contract, and fraudulent and negligent and misrepresentations. (Filing No. 44).

AFM/AWG assert that during discovery in this case, the Borowiak parties produced "three recordings of conversations between [Trevor Borowiak] and representatives from AFM and/or AWG" taken during meetings in Illinois without the consent of the other conversation participants. (Filing No. 172 at p. 2). The deposition of Trevor Borowiak indicates that the recordings were taken "before any lawsuits were commenced," with the first one occurring sometime in September 2016, the second one in October 2016, and the third in late January or early February 2017.[1] (Filing No. 173-1 at p. 4; Trevor Borowiak Deposition 8:6-9:17, 18:9-16, 22:16-17). AFM/AWG now move the court pursuant to Rule 15(d) of the Federal Rules of Civil Procedure for leave to supplement their counterclaim and third-party complaint by adding a claim against the Borowiak parties for violations of the Illinois Eavesdropping Act, 720 Ill. Comp. Stat. § 5/14-1 et seq., "for surreptitiously recording conversations without the consent of all parties to the conversation." (Filing No. 172 at p. 2; Filing No. 171-1).

## ANALYSIS

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings, providing, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "An amended pleading is

---

[1] AFM/AWG's proposed supplemental pleading alleges that two of the recordings took place on September 21 and 23, 2016 (before either of the above-captioned lawsuits were filed), and the third in February 2017. (Filing No. 171-1).

designed to include matters occurring before the filing of the [pleading] but either overlooked or not known at the time." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977)(quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101, 101 (W.D. Mo. 1939)). "Unlike amendments, which typically rest on matters in place prior to the filing of the original pleading, supplements set out "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented.'" *Human Genome Scis., Inc. v. Kappos*, 738 F. Supp. 2d 120, 122 (D.D.C. 2010)(internal citation and quotation omitted).

As an initial matter, AFM/AWG seek to supplement their operative pleading, the amended Counterclaim and Third-Party Complaint, which was filed on May 16, 2017. (Filing No. 44). However, each of the events, transactions, or occurrences that AFM/AWG seek to add (i.e., the three recordings taken by Trevor Borowiak) all occurred *before* May 16, 2017,[2] which is "the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In other words, AFM/AWG's proposed supplemental pleading does not allege occurrences or events that happened "after the date of the pleading to be supplemented," but instead concern matters that occurred before the filing of their pleading but were not known at the time. Fed. R. Civ. P. 15(d); *Vorachek*, 563 F.2d at 886. Therefore, it appears that AFM/AWG's motion is one to amend its pleading, not to supplement. See, e.g., *Vorachek*, 563 F.2d at 886 (concluding that Rule 15(a) applied rather than Rule 15(d) because the significance of the proposed supplements allegedly occurred prior to the original complaint, though the plaintiff was not aware of them); *Poullard v. Fed. Bureau of Prisons*, 535 F. Supp. 2d 146, 149 (D.D.C. 2008)(construing proposed supplemental complaint as a proposed amended complaint "because plaintiff's proposed supplemental pleading itself does not allege facts pertaining to occurrences or events taking place after the date of the original Complaint[.]").

Nevertheless, this is largely a distinction without difference because "The erroneous characterization of the corrected pleading as a 'supplement to the complaint' is immaterial." *Vorachek*, 563 F.2d at 886 n.1. Additionally, "Most courts use the same standard in deciding whether to grant or deny leave to file a supplemental pleading that is used in deciding whether to grant or deny leave to amend." *Riggs v. City of Owensville*, No. 4:10-CV-793 CAS, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011). Finally, the trial court has broad discretion to

---

[2] Two of the three recordings were taken before either of the above-captioned lawsuits were even filed.

3

determine whether to grant a party leave to amend under Rule 15(a) or to supplement under Rule 15(d). See *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 714 (8th Cir. 2008); *Minnesota Min. & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960). Regardless of whether AFM/AWG's motion is construed as one to supplement or as one to amend, the Court finds it should be denied.

A party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)(quotation and citation omitted). Similarly, "[A] party should not be permitted to supplement a pleading where the supplementation would hinder judicial efficiency, prejudice the rights of other parties to the action, or would insert a frivolous claim." *Hines v. Smith*, No. 16-CV-3797 (DSD/SER), 2017 WL 5593526, at *5 (D. Minn. Oct. 23, 2017), *report and recommendation adopted*, No. CV 16-3797(DSD/SER), 2017 WL 5564556 (D. Minn. Nov. 17, 2017).

The Court finds that permitting AFM/AWG to add a new claim under the Illinois Eavesdropping Act at this time will cause unfair prejudice to the Borowiak parties (and necessarily SuperValu, as these cases have now been consolidated for all purposes).[3] The above-captioned cases were filed more than two years ago and largely pertain to contractual relationships between the parties. AFM/AWG's proposed new claim under the Illinois Eavesdropping Act is tangentially related to the Lead Case in that it involves the same parties; however, addition of the new claim will require further discovery and depositions unrelated to the claims in these cases, and would require this Court to interpret Illinois law in a case that otherwise would not require the Court to do so. Adding this new claim at this stage of the proceedings will not "secure the just, speedy, and inexpensive determination" of this action and will instead hinder judicial efficiency and only serve to further derail progress in what has been extremely protracted and contentious litigation. See Fed. R. Civ. P. 1, 15; see also 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1506 (3d ed. 1998)("[W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of

---

[3] Additionally, it is unclear when AFM/AWG received the recordings – only that it was "[t]hrough discovery in this matter" – and therefore the Court cannot fully assess whether there was any undue delay in filing this motion.

4

the dispute between the parties, refusal to allow the supplemental pleading is entirely justified."). This is apparent from reading the parties' briefs in support of and in opposition to the instant motion. Both parties spend the majority of their briefs parsing the language of the Illinois Eavesdropping Act and related case law to determine whether or not AFM/AWG's proposed claim is frivolous, as recent Illinois case law and statutory amendments make it unclear whether Illinois is a one-party consent state. (Filing Nos. 172 and 192 in the Lead Case; Filing No. 200 in the Member Case). Judicial economy does not favor this Court making that determination in this action, and there is no reason why AFM/AWG cannot file a separate action under the Illinois Eavesdropping Act in a more appropriate forum. Accordingly,

**IT IS ORDERED** that AFM/AWG's Motion for Leave to File Supplemental Counterclaim and Supplemental Third-Party Complaint (Filing No. 171) is denied.

Dated this 25th day of October, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge