IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., a Nebraska corporation; and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>SUPERVALU INC., a Delaware corporation;<br><br>    Defendant. | **8:16CV465**<br>**MEMBER CASE**<br><br>**ORDER** |
| BOROWIAK IGA FOODLINER, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>AFFILIATED FOODS MIDWEST COOPERATIVE, INC., and ASSOCIATED WHOLESALE GROCERS, INC.,<br><br>    Defendants, Counterclaimants, and Third-Party Defendants,<br><br>vs.<br><br>TREVOR BOROWIAK,<br><br>    Third-Party Defendant. | **8:16CV466**<br>**LEAD CASE**<br><br>**ORDER** |

This matter is before the Court on two motions to compel filed in the Lead Case: the Motion to Compel Production of Documents ([Filing No. 118](#))[1] filed by Defendants, Affiliated Foods Midwest Cooperative, Inc. and Associated Wholesale Grocers, Inc. ("AFM/AWG"), and the Second Motion to Compel ([Filing No. 137](#)) filed by Plaintiff, Borowiak IGA Foodliner, Inc. ("Borowiak").

---

[1] Unless otherwise noted, all references to the record will be in the Lead Case, 8:16CV466.

AFM/AWG assert that Borowiak unilaterally limited its document production without objecting to requests and seeks an order compelling Borowiak to produce documents completely responsive to AFM/AWG's First Set of Requests for Production of Documents.

Borowiak requests that the Court (1) strike AFM/AWG's objections to Request for Production of Document Nos. 3, 5, 6 and 7 and direct AFM/AWG to produce all 2015 documents related or leading to any potential AWG transaction; and (2) direct all relevance-based redactions be withdrawn and unredacted documents not containing privileged communications be fully and immediately produced to Borowiak.

After the motions were fully submitted to the Court, AFM/AWG filed a Supplemental Memorandum ([Filing No. 169](#)) and Exhibit ([Filing No. 170](#)) in support of its motion to compel, and Borowiak filed a Supplemental Memorandum ([Filing No. 183](#)) and Index of Evidence ([Filing No. 184](#)).

## BACKGROUND

The Borowiak plaintiffs initially filed the instant action against AFM on October 12, 2016, alleging that AFM failed to fulfill certain obligations under a Supply Agreement dated December 29, 2015. ([Filing No. 1](#)). The Court later joined AWG as a defendant. ([Filing No. 22](#)). On November 3, 2016, AFM/AWG filed a counterclaim against Borowiak IGA and a third party complaint against Trevor Borowiak. ([Filing No. 11](#)). On May 16, 2017, AFM/AWG filed an amended Counterclaim against Borowiak IGA for breach of the parties' Supply Agreement and an incorporated Promissory Note and for fraudulent and negligent misrepresentations, and an amended third-party complaint against Trevor Borowiak for breach of guarantor obligations, tortious interference with contract, and fraudulent and negligent and misrepresentations. ([Filing No. 44](#)). AFM/AWG's affirmative defenses include that Plaintiff failed to mitigate its damages. ([Filing No. 44](#)).

AFM filed an action against its competitor SuperValu in state court on October 11, 2016, alleging that sometime in August 2016, SuperValu began working with Borowiak to induce Borowiak to breach AFM and Borowiak's December 29, 2015, agreements. SuperValu removed the case to this court on October 12, 2016. Borowiak was granted leave to intervene in AFM's action against SuperValu. The Court later joined AWG as a plaintiff. ([Filing No. 22](#)). The cases

were initially consolidated for discovery purposes only, but have now been consolidated for all purposes, including trial.

## ANALYSIS

I. **AFM/AWG'S Motion to Compel**

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009). When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006). If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Id.* "[A]s long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

If the responding party objects to a request for production of documents, Fed. R. Civ. P. 34(b)(2) requires the responding party to "state with specificity the grounds for objecting to the request" and to "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B)-(C). Nevertheless, even if no timely objections are made, "[t]he court, in its discretion, may decline to compel the production of requested documents . . . if the requests far exceed the bounds of fair discovery." *White Cap Constr. Supply, Inc. v. Tighton Fastener & Supply Corp.*, No. 8:08CV264, 2010 WL 148430, at *4 (D. Neb. Jan. 12, 2010)(citing *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988). For example, "A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support" to raise and stand on its objections. *Madden v. Antonov*, 2014 WL

3

4295288, 3 (D. Neb. 2014).

On May 31, 2017, AFM/AWG served their First Set of Requests for Production of Documents on Borowiak. The requests did not contain a "prospective temporal limitation" (or any time limitation at all), and some specifically requested information to the present. (Filing No. 119 at pp. 2-3). In Borowiak's responses, it did not object based on the "prospective time frame" and did not impose a "prospective temporal limitation on its responses." (Filing No. 119 at pp. 2-3). In connection with its responses to AFM/AWG's requests, Borowiak produced two sets of documents, on October 23, 2017, and December 12, 201[7]. (Filing No. 120-1 at p. 2). AFM/AWG's primary complaint with Borowiak's production is the fact that it did not produce "any" documents post-dating October 13, 2016, apparently based on relevancy grounds, though Borowiak did not note that it was objecting on relevance or withholding documents based on that objection. (Filing No. 119 at p. 3). AFM/AWG assert that they discovered Borowiak's deficient responses through SuperValu's production in the Member Case, which included communications between SuperValu and Borowiak that post-date October 2016.

AFM/AWG filed a Supplemental Exhibit that they contend is evidence of Borowiak's improper withholding of post-complaint documents. (Filing Nos. 169 and 170 in the Lead Case). AFM/AWG represent that in the Member Case, SuperValu produced a "narrative written by Trevor Borowiak to SuperValu" that they assert is relevant to Borowiak's claims against AFM/AWG. The narrative is not dated, but it must have been authored after the Lead Case commenced because Trevor Borowiak comments that, after a meeting wherein "AWG was so super arrogant it made me sick," his attorney "made me pull back and we filed [a] lawsuit first." (Filing No. 170). AFM/AWG maintain that Borowiak has produced "limited" communications with SuperValu, no communications that post-date October 13, 2016, and a "small subset" of retailer statements from SuperValu for 2017. (Filing No. 119 at p. 4). AFM/AWG state they offered Borowiak a compromise wherein Borowiak would not need to search and produce certain categories of communications between Borowiak and SuperValu so as to address Borowiak's concerns regarding the large volume of responsive emails. (Filing No. 119 at p. 5). AWM/AWG contend that Borowiak unilaterally and surreptitiously limited its document production, without properly objecting, in contravention of Rule 34 of the Federal Rules of Civil Procedure.

Borowiak responds that AFM/AWG's motion should be denied because AFM/AWG

4

failed to meet and confer in accordance with the local rules, failed to state with particularity any document request they claim is deficient, and misrepresented that Borowiak failed to produce any post-complaint documents when in reality Borowiak produced "more than 4,000 pages" of post-complaint documents. ([Filing No. 122 at p. 3](#)). Borowiak contends that it has produced all post-complaint documents related to "the only legal theories [AFM/AWG] have advanced in this discovery dispute: (1) AFM/AWG's tortious interference claim against SuperValu; and (2) Borowiak's damages claim and related AFM/AWG mitigation defense." ([Filing No. 122 at p. 3](#)). Borowiak asserts that, because it has produced post-complaint "bank statements, financial statements, cash flow, revenue and expense statements and balance sheets and detailed Retailer Statements," the burden is on AFM/AWG "to specify the type and nature of any other documents to be produced." ([Filing No. 122 at p. 3](#); [Filing No. 123-2](#)). Borowiak also cites this Court's statements during the informal discovery dispute telephone conference wherein it stated that AFM/AWG should "narrow down" the documents they were seeking and that the parties should try to resolve issues regarding whether AFM/AWG's requests were proportional to the needs of the case. Borowiak argues that any evidence of "incentives" from SuperValu to Borowiak relating to AFM/AWG's tortious interference claim would be contained in agreements signed before the complaint was filed, and that Borowiak's post-complaint financial records are "more than sufficient for AFM/AWG to evaluate any damages-related issues." ([Filing No. 122 at p. 4](#)). Borowiak represents that in reviewing SuperValu's post-Complaint production, only thirteen documents contained communications between SuperValu and Borowiak IGA, some of which consisted of "business related matters" and others of which were topics such as "Christmas candy," "pallets of IGA water booked," and "Euro cookies." ([Filing No. 123-1 at p. 4](#)). Borowiak also explains that Trevor Borowiak's post-complaint "narrative" used as AFM/AWG's example of an improperly withheld document was created "for the purpose of addressing Trevor's interest and potential considerations for financing the buying [of] new stores in 2017," and that in the document Trevor simply recounted the subject of this litigation "in retrospective fashion – to explain settlement discussions that had occurred immediately before the complaint was filed." Moreover, AFM/AWG had the opportunity to question Trevor about this document during his deposition. ([Filing No. 183 at p. 2](#)).

Upon review of the matter, the Court finds that AFM/AWG's motion should be denied. AFM/AWG's primary complaint with Borowiak's production is the fact that Borowiak did not

produce "any" communications post-dating October 13, 2016, without properly objecting on relevance or on the "prospective time frame of a document request." ([Filing No. 119 at p. 3](#)). However, Borowiak did object to many of the requests on grounds that they were overly broad, ambiguous, vague, and unduly burdensome, see Responses to Request Nos. 1-4, 7, 9-14, 22-35, 37-40, 43, and 45-47, or were unlimited in time or in scope, see Responses to Request Nos. 40 and 43. ([Filing No. 120-1 at pp. 6-42](#)). Many of AFM/AWG's document requests contain no time frame at all.[2] See [Filing No. 120-1](#). Generally, a discovery request without any temporal or other reasonable limitation is objectionable on its face as overly broad. See, e.g. [*Johnson v. Kraft Foods N. Am. Inc.*, 236 F.R.D. 535, 542 (D. Kan. 2006)](#)(finding requests for production "overly broad on their face in that they are not limited in time or scope."); [*Motton v. Owens*, 128 F.R.D. 72, 73 (M.D. Pa. 1989)](#)("[F]ailure to have requested production pertaining to a relevant time period itself makes Plaintiff's discovery overbroad and unduly burdensome."). Moreover, "A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support" to raise and stand on its objections. [*Madden v. Antonov*, 2014 WL 4295288, 3 (D. Neb. 2014)](#).

During the discovery telephone conference held prior to AFM/AWG filing this motion, the Court instructed AFM/AWG to narrow down what documents they believed needed to be produced precisely because many of AFM/AWG's discovery requests did not contain any time frame and appeared to be overly broad and unlimited in scope, objections which Borowiak made to numerous document requests. Such objections are separate from (though related to) relevance objections (which Borowiak only made as to Request Nos. 38, 39, 40, and 43). Despite the Court's direction, AFM/AWG did not attempt to narrow down their requests and specifically identify which discovery responses are deficient. AFM/AWG instead assert that all 53 discovery requests and responses are in dispute. AFM/AWG maintains that their complaints about Borowiak's responses apply universally to each and every one of their 53 discovery requests. ([Filing No. 124 at p. 9](#)). However, in reviewing AFM/AWG's document requests, it does not appear that their stated complaints regarding Borowiak's deficient objections are as universal as indicated. For example, Request No. 30 asks for "All photographs or video taken since January 1, 2015, that depict the shelves and the Grocery Goods or Foodstuffs on the shelves at the

---

[2] A fact which AFM/AWG themselves found objectionable when responding to Borowiak's requests for production of documents. See [Filing No. 139-6 at p. 3](#) (objecting to Borowiak's request for documents relating to a potential sale "on or before July 27, 2016, because it was "virtually unlimited in time . . . and overly broad in scope.").

Borowiak IGA stores." Borowiak responded, without objection, that it "will produce for inspection or copying at a mutual convenient time, responsive documents in its possession, custody, or control." (Filing No. 120-1 at p. 29). Borowiak did not object to this request, the Court has no information regarding whether Borowiak did, in fact, search for and produce any responsive photographs or videos, and AFM/AWG does not specifically argue that Borowiak failed to search for or produce such photographs or video in its possession. Borowiak also did not object to Request Nos. 15, 16, or 17, AFM/AWG provided the Court with no information regarding whether Borowiak searched for and produced any documents responsive to these requests, and the Court cannot see how AFM/AWG's arguments regarding deficient objections and "prospective time frame" apply to these particular requests.

Fed. R. Civ. P. 26 provides the Court with the duty to "limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Under the circumstances, the Court finds that, despite AFM/AWG's objections to Borowiak's method of production, discovery should nevertheless be limited pursuant to Fed. R. Civ. P. 26(b)(2)(C) and (b)(1). Borowiak has presented a sworn declaration stating it has provided all post-complaint documents relevant to AFM/AWG's tortious interference claim against SuperValu and Borowiak's damages claim and related AFM/AWG mitigation defense, including post-complaint bank statements, financial statements, cash flow, revenue and expense statements and balance sheets and Retailer Statements. The record before the Court does not establish that AFM/AWG's sweeping requests are meaningfully relevant to any claim or defense *and* proportional to the needs of the case, and the Court finds that Borowiak's responses were appropriate under the circumstances. See *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2017 WL 773523, at *3 (D. Neb. Feb. 27, 2017)(Gossett, M.J.)("Plaintiffs fail to suggest how their broad request is meaningfully relevant to any claim or defense and proportional to the needs of the case, and [Defendant] limited its response appropriately."). Additionally, some of AFM/AWG's concerns regarding Borowiak's deficient production of communications would have been addressed by the Court's previous order requiring Borowiak to provide an affidavit to AFM/AWG identifying its efforts to obtain

7

and provide responsive documents and indicating whether all responsive documents have been produced, and ordering Borowiak to produce any additional responsive documents located after an additional search. (Filing No. 188). Accordingly, the Court finds that AFM/AWG's motion to compel Borowiak's supplemental responses to all 53 of its request for production of documents should be denied.

## II. Borowiak's Motion to Compel

Borowiak requests that the Court (1) strike AFM/AWG's objections to Request for Production of Document Nos. 3, 5, 6 and 7 and direct AFM/AWG to produce all 2015 documents related or leading to any potential AWG transaction; and (2) direct all relevance-based redactions be withdrawn and unredacted documents not containing privileged communications be fully and immediately produced to Borowiak.

With respect to Borowiak's Request for Production Nos. 3, 5, 6, and 7, Borowiak asserts these requests are relevant to its fraudulent concealment claim. Borowiak alleges that AFM failed to disclose in 2015 that AFM was planning the AWG transaction when it solicited Borowiak to sign the Supply Agreement. According to Borowiak, AFM has produced one document dated January 29, 2015, identifying AWG "as AFM's No. 1 target for a potential transaction," but that "AFM has not produced any other 2015 documents related to any 'potential' for a transaction with AWG." (Filing No. 138 at pp. 6-7). Borowiak complains that AFM/AWG has engaged in the same violation of Rule 34 that AFM/AWG accuse Borowiak of, namely, failing to object to the requests with specificity and without indicating whether it withheld documents responsive to the request on the basis of its objections. (Filing No. 138 at pp. 17-18).

Borowiak's disputed requests and portions of AFM/AWG's responses are set forth below:

> REQUEST NO. 3: Any and all documents evidencing or memorializing any communication between AFM and AWG from January 1, 2015 through July 27, 2016.
>
> RESPONSE TO REQUEST NO. 3: Suppliers object to Request No. 3 on the grounds that it is unlimited in scope. Suppliers object that general communications between AFM and AWG are not relevant to any party's claims or defenses. Suppliers object that this request is not proportional to the needs of the case because the proposed discovery is not important in resolving the issues in

8

this action, the request would impose considerable and disproportionate expense and burden on Suppliers, and the burden or expense of the proposed discovery outweighs its likely benefit. Suppliers object to Request No. 3 because it is cumulative in that Borowiak IGA (which included Borowiak) sought the same documents in its document requests. Without waiving these objections, the Suppliers have already produced or are in the process of producing those documents between January 1, 2015 and July 27, 2016, that memorialize communications between AFM and AWG that pertain to AWG's purchase of AFM's assets that specifically reference doing a purchase or interest in doing a purchase but not the terms themselves. The Suppliers are not withholding any documents that are responsive to the Request as stated in this paragraph of Suppliers' response.

REQUEST NO. 5: Any and all documents evidencing or memorializing any communication on or before July 27, 2016, between or among employees, shareholders or other representatives AFM relating to a potential sale, merger, or other transaction with AWG.

RESPONSE TO REQUEST NO. 5: Suppliers object to Request No. 5 on the grounds that it is virtually unlimited in time (from the beginning of time until July 27, 2016) and overly broad in scope. . . . Suppliers further object that general communications between AFM employees relating to a potential sale, merger, or other transaction are not relevant to any party's claims or defenses in this matter. . . .Without waiving these objections, the Suppliers have produced or are in the process of producing those documents between January 1, 2015 and July 27, 2016, that memorialize communications between and among AFM employees that pertain to the event of AWG's purchase of AFM's assets (but not the specific terms) or that specifically reference Borowiak or Borowiak IGA. The Suppliers are not withholding any documents that are responsive to the Request as stated in this paragraph of Suppliers' response. . . . ([Filing No. 139-6 at p. 4](Filing No. 139-6 at p. 4)).


REQUEST NO. 6: Any and all documents evidencing or memorializing any communication between or among employees, shareholders, or other representatives of AWG on or before July 27, 2016, relating to a potential sale, merger or other transaction with AFM.

RESPONSE TO REQUEST NO. 6: Suppliers object to Request No. 6 on the grounds that it is virtually unlimited in time (from the beginning of time until July 27, 2016) and overly broad in scope. . . . Suppliers further object that general communications between AWG employees relating to a potential sale, merger, or other transaction are not relevant to any party's claims or defenses in this matter. . . . Without waiving these objections, the Suppliers have produced or are in the process of producing those documents between January 1, 2015 and July 27, 2016, that memorialize communications between and among AWG employees that pertain to the event of AWG's purchase of AFM's assets (but not the specific

terms) or that specifically reference Borowiak or Borowiak IGA. The Suppliers are not withholding any documents that are responsive to the Request as stated in this paragraph of Suppliers' response.

REQUEST NO. 7: Any and all documents evidencing or memorializing any communication on or before September 26, 2016 between AFM and AWG referring or relating to Borowiak.

RESPONSE TO REQUEST NO. 7: Suppliers object to Request No. 7 on the grounds that it is virtually unlimited in time (from the beginning of time until September 26, 2016). . . . Without waiving these objections, Suppliers have already produced or are in the process of producing those communications between AFM and AWG since January 1, 2016 that specifically reference Borowiak or Borowiak IGA. The Suppliers are not withholding any documents that are responsive to the Request as stated in this paragraph of Suppliers' response.

([Filing No. 139-6 at pp. 3-5](#)).

Borowiak's requests clearly seek information relevant to its claims. Borowiak alleges in its claim for fraudulent concealment that AFM made materially misleading statements to induce Borowiak into entering the Supply Agreement in that AFM "failed to disclose its plans and intention, upon information and belief, to sell its business to AWG prior to the expiration of the Term and that AFM already had taken preparatory action or otherwise was in planning regarding what later became the AWG transaction." ([Filing No. 80 at p. 18](#)). Borowiak has clarified that it is specifically requesting documents from 2015, which is a narrow period of time. Accordingly, AFM/AWG's objections to Request Nos. 3, 5, 6 and 7 are overruled. AFM/AWG shall search for and produce to Borowiak all 2015 documents related or leading to any potential AWG transaction, in accordance with Borowiak's stated requests.

Borowiak also takes issues with AFM/AWG's production of a number of documents with unilateral redactions. According to Borowiak, "Over two-thirds of AFM/AWG's entire production of documents (approximately 8,434 pages) consisted of documents entirely or almost entirely 'redacted' on the alleged basis the information is 'irrelevant.'" ([Filing No. 138 at p. 8](#)). Borowiak represents that following the Court's conference with counsel on the issue, "AFM/AWG agreed to produce unredacted versions of all non-privileged information with the exception of two discrete categories and "possibly" a third, namely, "specific dollar figures

involving sales volume or loans to other customers," "customer passwords" and "possibly certain warehouse locations," none of which occurred. (Filing No. 138 at p. 8).

"Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request." *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011); see also *In re Medeva Sec. Litig., No. 93-4376-KN AJWX*, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995)(discussing concerns with unilateral redaction, including raising "suspicion that relevant material harmful to the producing party has been obscured" and a tendency "to make documents confusing or difficult to use," resulting in "the time of both counsel and the Court [being] wasted."). As stated by the Court in *Bartholomew*:

> Fed. R. Civ. P. 34 concerns the discovery of "documents"; it does not concern the discovery of individual pictures, graphics, paragraphs, sentences, or words within those documents. Thus, courts view "documents" as relevant or irrelevant; courts do not, as a matter of practice, weigh the relevance of particular pictures, graphics, paragraphs, sentences, or words, except to the extent that if one part of a document is relevant then the entire document is relevant for the purposes of Fed. R. Civ. P. 34.

*Bartholomew*, 278 F.R.D. at 451-52. "The Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or an objection that warrants redaction, or that would involve the compilation of a privilege log, as with other redactions." *Medtronic Sofamor Danek, Inc. v. Michelson*, No. 01-2373-GV, 2002 WL 33003691, at *5 (W.D. Tenn. Jan. 30, 2002); see also *Neonatal Product Group, Inc. v. Shields*, No. 13-2601-DDC, 2015 WL 7078796, at *4 (D. Kan. Nov. 13, 2015)("If the document itself is relevant, the Court sees no justification for allowing Defendant to redact certain portions it unilaterally deems irrelevant.").

Although some courts have concluded that redaction may be permissible in some limited instances, see, e.g., *Spano v. Boeing Co.*, 2008 WL 1774460 (S.D. Ill. Apr. 16, 2008), the Court finds persuasive the reasoning of those courts that have disapproved of unilateral redaction based on relevance. In consideration of the above, the Court agrees with Borowiak that AFM/AWG's unilateral redactions based on relevance are an inappropriate use of discovery. AFM/AWG shall produce unredacted versions of all pages it has redacted in discovery and all pages removed by AFM/AWG as "Non-Responsive," except for those redactions made based on attorney-client privileged communications and/or attorney work product.

Upon consideration,

**IT IS ORDERED:**
1. AFM/AWG's Motion to Compel Production of Documents ([Filing No. 118](#)) is denied;
2. Borowiak IGA Foodliner, Inc.'s Second Motion to Compel ([Filing No. 137](#)) is granted;
    a. On or before **December 11, 2018**, AFM/AWG shall produce to Borowiak all 2015 documents related or leading to any potential AWG transaction.
    b. On or before **December 11, 2018**, AFM/AWG shall produce unredacted versions of all pages it has redacted in discovery and all pages removed by AFM/AWG as "Non-Responsive," except for those redactions made based on attorney-client privileged communications and/or attorney work product.
3. Attorney fees will not be awarded to either party.

Dated this 27th day of November, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge