IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOROWIAK IGA FOODLINER, INC., | |
| Plaintiff/Counterclaim Defendant, | 8:16CV466 |
| v. | LEAD CASE |
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., and ASSOCIATED WHOLESALE GROCERS, INC., | |
| Defendants/Third-Party Plaintiffs/Counterclaimants, | |
| v. | MEMORANDUM AND ORDER |
| TREVOR BOROWIAK, | |
| Third Party Defendant. | |
| ------------------------------------------------------------- | |
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., a Nebraska corporation; and ASSOCIATED WHOLESALE GROCERS, INC., | 8:16CV465 |
| Plaintiffs, | MEMBER CASE |
| v. | |
| SUPERVALU INC., a Delaware corporation; | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Defendants/third-party plaintiffs/Counterclaim plaintiffs Affiliated Foods Midwest Cooperative, Inc., and Associated Wholesale Grocers, Inc.'s (collectively, "AFM/AWG") objections, Filing No. 221 in Case No. 16cv466 and Filing No. 233 in Case No. 16cv465, to the Order of the

1

Magistrate Judge,[1] denying AFM/AWG's motion for leave to supplement its complaint.[2] These are consolidated actions for breach of contract and tortious interference with a business relationship.

AFM/AFW sought to leave to add a claim for violations of the Illinois Eavesdropping Act, 720 ILCS § 5/14-2(a)(2). The Magistrate Judge found that these cases have been pending for over two years and largely pertain to contractual relationships between the parties, whereas AFM/AWG's proposed new claim under the Illinois Eavesdropping Act is only tangentially related to one of the cases and would require the court to interpret Illinois law in a case that otherwise would not require the court to do so. The Magistrate Judge concluded that adding the new claim at this stage of the proceedings would hinder judicial efficiency and cause delay in what has been extremely protracted and contentious litigation.

AFM/AFW objects to the denial of leave. It argues that the Magistrate Judge based the denial on a finding of prejudice that had not been argued by the parties and on a need for additional discovery and depositions that is not supported by evidence.

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial

---
[1] Filing No. 217 in Case No. 16cv466 and Filing No. 229 in Case No. 16cv465.
[2] Filing No. 171 in Case No. 16cv466 and Filing No. 182 in Case No. 16cv465

matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)). A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

The Court finds no error in the Magistrate Judge's denial of leave to amend the complaint. A party does not have an absolute right to amend its complaint and "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)(quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (citation omitted)). The Court agrees with the Magistrate Judge that the claim is only tangentially related to the claims and issues in these consolidated cases and could prolong the litigation. Also, although the Magistrate Judge did not address the issue, Borowiak IGA Foodliner, Inc., Third and Trevor Borowiak (collectively, "Borowiak") presented a tenable argument that the claim would be futile in any event because the statute at issue limits private rights of

action to the parties to the allegedly improperly recorded conversation.  Though AFM/AFW disputes that theory, the Court agrees with the Magistrate Judge that judicial economy does not favor this Court resolving a thorny issue of Illinois law when there is no reason why AFM/AWG cannot file a separate action under the Illinois Eavesdropping Act in a more appropriate forum.  The Court finds AFM/AFW's objections should be overruled and the order of the Magistrate Judge should be affirmed.  Accordingly,

IT IS ORDERED that:

1. AFM/AFW objections (Filing No. 221 in Case No. 16cv466 and Filing No. 233 in Case No. 16cv465) are overruled.

2. The Order of the Magistrate Judge (Filing No. 217 in Case No. 16cv466 and Filing No. 229 in Case No. 16cv465) is affirmed in all respects.

Dated this 23rd day of January, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge